Adam Hall
  plaintiff
       v.
Jane E. McQueen, et. al.

Case #
to be assigned

APR 18 '22 11:50 USDC MA

Complaint under
Civil Rights Act.
42 U.S.C. § 1983, 42 U.S.C. § 1985,
42 U.S.C. § 1986, U.S.C. 18 § 2076

Jurisdiction
USC 1331
Federal Question

Violation of Constitutional
        Rights
Petition for -EMERGENCY-
Preliminary- Injunction in
State Court case # 0976CR00198
(collateral Criminal, not to be
charged court filing fees)
(court officials not immune upon
request of injunction, and when
they knowingly violate a federal
or civil rights law that is clearly
evidenced. Georgetown law Journal)
(2020 edition 49)

I - Party Information

A - Plaintiff: Adam Hall #00974553
address — Sussex C.I.
PO Box 500
Georgetown
Delaware
19947

B - Defendants

1. Justice - JANE E. MULQUEEN
2. District Attorney - David Capeless
3. Clerk of Court, Berkshire County - Deborah Capeless

Defendants Address
The Superior Court
Berkshire County
76 East Street
Pittsfield
MA.
01201

## II  INTRODUCTION

This is a civil rights action filed by Adam Hall, a legally mentally disabled man, pro se, an inmate and prisoner of the state of Massachusetts incarcerated at Sussex Correctional Institution, Georgetown, Delaware, filing for the purpose of injunction by the federal courts for civil rights and constitutional rights violated by defendants, who do so as state officials. Where the law gives immunity against requests for damages for federal rights violations of officials, it allows requests for injunction to protect federal rights of a person by officials. Official, Justice Jane E. McQueen was asked by the mentally disabled plaintiff for "reasonable accommodations," which she continues to ignore as if it is an excepted practice. "Any law or practice that is repugnant to the constitution is void," Marbury V. Madison, 5, U.S. 137 (1803). District Attorney David Capeless was asked for discovery under the Freedom of Information Act, and he would not give it and Justice Jane E. McQueen ignored motions for this Freedom of Information Act request. Clerk of Courts Deborah Capeless has thrown away documents

submitted to her as clerk, violating U.S.C. 18 § 2076 "clerk is to file".

## III   Statement of claims

(I)-(A)- Plaintiff Adam Hall is defendant in Superior court case #0976CR00198 appealing convictions and sentences in question, after Supreme Judicial court ruled to dismiss a felony in one of the three joined trials.

(B)- Plaintiff is mentally disabled and the court is aware that he is blinded to all legal materials from the charging state due to a forced transfer out of state, which is not disciplinary. This makes his mental disabilities amplified as his filings must be argued without access to guidlines or standards of review.

(C)- Plaintiff filed an appeal under mass rules of criminal procedures Rule 30-A and Rule 30-B. Rule 30 A is "unlawful restraint, Rule 30-B, is motion for new trial.

(D)- Plaintiff stated in filings that he requests a hearing because he is mentally disabled and confused.

(E)- Justice McLaveen ruled to deny plaintiff's motion for new trial, leaving the unlawful restraint portion unsettled and in her denial the justice stated that

There was no facial showing

(F)- The denial that didn't address both portions of the appeal is confusing and the affirmation of no facial showing is also confusing because one issue is so clear and simple.

(G)- Plaintiff was charged with a gun enhancement and conspiracy resting on a kidnapping charge.

(H)- The charge sheet is evidence of this and the kidnapping charge and that portion of the indictment were thrown out by the Supreme Judicial Court #11952

(I)- The law says that an enhancement that rests upon a felony becomes illegal if the felony is removed.

(J)- The kidnapping argument was the only argument presented at trial and removal of the only arguments show the charges also lose legality as the evidence proving the elements is now gone.

(K)- Finally the removal of the charge is shown by the face of the courts record to be the only evidence presented to gain legal jurisdiction to charge for crimes committed in New York.

(L)- Justice Jane E. Mulqueens ruling of no facial showing is confusing for this undeniable issue of illegal sentences and convictions arising from an S.J.C. ruling, as is her affirmation that no issue raised in direct appeals can be raised again, and

no issue not raised in direct can be raised.

(M)- There are multiple levels of appeal courts where rulings can be appealed and in this case a ruling changed the landscape of the case.

(N)- The no facial showing ruling was also confusing when the Justice ignored requests for discovery which would be evidence in a newly discovered issue.

(O)- The issue involved evidence of the prosecutors and detectives training in, excited delirium syndrome, which is a contraversial training that police have used as a defence in shooting of unarmed minorities like, George Floyd, who was killed by police in Minnisotta when a policeman kneeled on his neck until he died.

(P)- Plaintiff filed for a "Clarity Hearing" to "Bridge the gap" of his mental disabilities, because the Justice couldn't have legally ruled like she did unless she was confused by defendant-(plaintiff) who is unable to communicate clearly in writing because his disabilities cause him to be unclear explaining complex issues in writing and plaintiff is confused by the courts ruling because his mental and learning disabilities make written communications confusing to plaintiff.

(4)- Also confusing is the court ignoring his federal right to freedom of information, which he asks to be addressed in the hearing which is his right under the Americans with disabilities act, the Rehabilitation act, and the civil rights act.

(R)- The issue is contraversial evidence denied to him but never denied to law enforcement in cases of police killing people and a denial of equal protections.

(5)- The freedom of information act is also undeniable and this confuses plaintiff which is one more reason plaintiff asked Jane E. McQueen to honor his disability rights and give him a "Clarity Hearing", as a "reasonable accommodation" in the, "Readily achievable" court.

ALL defined by the Americans with disabilities act. "Reasonable accommodation" is anything that is, "Reasonable", which will aid the disabled person, and, "Bridge the gap" caused by his disabilities. "Readily Available", or "Readily Achievable" is defined as anything that exists already like a building or service. "CLARITY HEARING" is defined as a hearing to make things clear to the disabled person and also to the court on the record. (Q and A)

8

①- Finally, The Justice is ignoring evidence that the clerk is not filing plaintiffs submitted documents and the plaintiff has also asked to address this in his "Clarity hearing" and have his legal copies filed as to the date stamps of official.

#②-Ⓐ- District Attorney David Capeless knowingly lied to the Jury once and the Supreme Judicial Court #11952 Ruling showed this, then while reading the george floyd murder case, plaintiff learned of "excited delirium syndrome" training and realized that this evidence that all prosecutors and detectives are trained in "Excited delirium syndrome" was proof of a second knowing unlawful argument in plaintiff's trial.

Ⓑ- Plaintiff filed for discovery siting the americans with disabilities act, and need for a hearing, and requesting this evidence under the "Freedom of information act."

Ⓒ- The Freedom of information act is a federal right as is equal protections which applies when law enforcement are freely given evidence of "excited delirium syndrome" and plaintiff is ignored and denied this evidence which the court used against him when it said he didn't make a facial

9

showing of evidence. This is INJURY.

#3- Clerk of the Superior Court Deborah Capeless has disguarded or destroyed submitted motions of plaintiff, violating plaintiff's federal rights and must record legal copies as timely.

## ARGUMENT

The Federal Court has the power to give injunctive relief in the way of ordering state officials to honor the federal rights of a person. The civil court does not effect criminal decisions and plaintiff is not asking the court to do this in this sited criminal case. Plaintiff requests this Federal Court give emergency injunction and order to the defendants Jane E. MulQueen to honor plaintiff's right to a "clarity hearing"; Jane E. MulQueen and David Capeless to honor the equal protections clause and freedom of information act, and provide the evidence which no law enforcement official has ever been denied, and Clerk Deborah Capeless to stop impeding plaintiff's access to the court, and plaintiff asks for injunction ordering Jane E. MulQueen to give plaintiff

a clarity hearing and to address all issues as well as the issue of the crimes of the clerk impeding the court and the plaintiff. Plaintiff is legally mentally disabled and learning disabled and blinded to all laws of the state he is forced to appeal to pro se. He is dyslexic and has attention deficit disorder and a head injury at age 5, which make his written arguments unclear which is evident in the ruling of Jane E. McQueen.

Plaintiff received disability and social security checks for years prior to these cases and is entitled to all federal protections.

The court can order the defendant Jane E. McQueen to give him a clarity hearing without the order directly changing the ruling in the criminal case. The court has had notice and time to reply on these issues and defaulted through tacit aquiescance which gives plaintiff the right to ask the federal court for an injunction order to the defendants to honor disability rights, to honor his equal protections rights and give discovery, and to address issues of criminal acts of the clerk, and the need to file

This issue addresses an emediate issue of deprivation of the federal rights of a mentally disabled person which makes it an emergency need for injunction, and preliminary injunction. finally immunity which the defendants will hide behind does not apply as plaintiff only asks for injunction and not injuries or money.

Plaintiff prays this court honors his rights and protects the constitution.

I Adam Hall plaintiff do swear under pains and penalties of purjory that these things are true and correct, so help me god.

Adam Hall #00974553
Sussex C.I.
P.O. Box 500
Georgetown
Delaware
19947

Adam Hall