UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM HALL,* | |
| * | |
| Plaintiff,* | |
| * | |
| v.* | Civil Action 22-cv-30045-IT |
| * | |
| JANE E. MULQUEEN, et al.,* | |
| * | |
| Defendants.* | |
| * | |
| * | |

MEMORANDUM & ORDER

December 22, 2022

TALWANI, D.J.

*Pro se* Plaintiff Adam Hall, who is incarcerated at Sussex Correctional Institution in Georgetown, Delaware, has filed a Complaint [Doc. No. 1] under 42 U.S.C. § 1983 in which he complains that Justice Jane E. Mulqueen of the Superior Court of the Commonwealth of Massachusetts, District Attorney David Capeless, and Clerk of Court Deborah Capeless are violating his federal rights with regard to the adjudication of his motion for a new criminal trial. For the reasons set forth below, the court overrules Plaintiff's objection regarding his filing fee dispute and will order that this action be dismissed on abstention grounds.

**I.Filing Fee**

Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 4], which was denied with prejudice pursuant to 28 U.S.C. § 1915(g). Order [Doc. No. 9]. Section 1915(g) precludes a prisoner plaintiff who, on three or more occasions while incarcerated, has filed a civil action that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief could be granted, from proceeding without prepayment of the filing fee. 28 U.S.C.

§ 1915(g). The only exception to this rule is where the prisoner is "under imminent danger of serious physical injury" in connection with the claim he brings. Id.

Plaintiff filed an Objection to Court Order [Doc. No. 11], in which he argued that his previous cases had not been dismissed as frivolous. The court issued an Order [Doc. No. 12], reiterating that § 1915(g) barred Plaintiff from proceeding without prepayment of the filing fee because at least three of his cases had been dismissed for failure to state a claim upon which relief may be granted. The assigned judge also rejected Plaintiff's unsupported claim of a conflict of interest based on purported "payoffs" to bribe judges. Id. Upon further review of the parties named in the complaint, the assigned judge recused himself, citing a prior professional employment relationship with one of the Defendants. Id. The case was then reassigned to the undersigned.

On October 12, 2022, Plaintiff filed an Objection to Ruling on 9-28-2022 [Doc. No. 16], in which he again argues that 28 U.S.C. § 1915(g) does not prevent him from proceeding *in forma pauperis* because his earlier lawsuits were not dismissed as frivolous. Id. ¶ 21. He also asserts that § 1915(g) does not apply to two of the three actions counted as "strikes" because the initial partial filing fees had not been paid prior to the dismissal of the actions. Id. ¶¶ 1-4, 11. Plaintiff asserts further that the third case was wrongfully dismissed after the court denied him certain discovery. He asserts that the dismissal was "not for failing to state a claim or for being frivolous [sic] and it is evidence against denying [Plaintiff]'s right to in forma pauperis status." Id. ¶ 10.[1]

---

[1] Plaintiff reiterates several of these objections in a further Motion for Clarity Hearing [Doc. No. 17].

On December 5, 2022, Plaintiff paid the $402 filing fee. Notwithstanding, the court addresses the arguments Plaintiff raised in his October 12, 2022 objection. Section 1915(g) explicitly provides that any prisoner complaint "that was dismissed on the grounds that it is frivolous, malicious, <u>or fails to state a claim upon which relief may be granted</u>" counts as a "strike." 28 U.S.C. § 1915(g) (emphasis added). In addition, Plaintiff's assertion that dismissal of a complaint on these grounds is not a "strike" if no portion of the filing fee has been paid fails as a matter of law. Indeed, the *in forma pauperis* statute provides that a prisoner who has been granted leave to proceed without prepayment of the filing fee may prosecute his action even if he does not have funds to pay the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Further, a prisoner complaint dismissed for failure to state a claim upon which relief may be granted is a "strike" even where, as here, the prisoner contends that the dismissal was improper.

## II.     Review of the Complaint

Although Plaintiff has paid the filing fee, his complaint is subject to a preliminary review pursuant to 28 U.S.C. § 1915A. This statute requires a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Further, a court has an obligation to inquire into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

### A.     Plaintiff's Claims

Plaintiff alleges that Judge Mulqueen is violating Plaintiff's rights under the American with Disabilities Act because she has not provided Plaintiff what he refers to as a "clarity hearing" in connection with his motion for a new trial.[2] Plaintiff represents that, because of a mental disability, he is "unclear explaining complex issues in writing" and is "confused by the courts [sic] ruling." Compl. ¶ 1(P). He asserts that a "clarity hearing" is a reasonable accommodation for his disability because it will "bridge the gap" caused by his disability and "make things clear to the disabled person and also to the court on the record." Id. ¶ 1(S).

Plaintiff alleges that District Attorney Capeless has denied him certain discovery regarding training for prosecutors and detectives in "excited delirium syndrome." Id. ¶ 2(A). Finally, Plaintiff claims that Clerk Capeless "has disregarded or destroyed submitted motions of plaintiff, violating plaintiff's federal rights and must record legal copies as timely." Id. ¶ 3(A).

Plaintiff asks this court to order Judge Mulqueen to "honor" his "right" to a "clarity hearing." Id. at 9. He further requests that the court order Judge Mulqueen and District Attorney Capeless to "to honor the equal protections clause and Freedom of Information Act, and provide the evidence which no law enforcement official has ever been denied." Id. Plaintiff also asks the court to require Clerk Capeless from "impeding [his] access to the court." Id.

### B.     Discussion

Because Plaintiff is challenging ongoing state court proceedings, the court abstains from exercising jurisdiction over this case and will dismiss it without prejudice.[3] "Abstention is a

---

[2] Plaintiff explains elsewhere his view of a "clarity hearing" as a hearing where the judge must answer questions until the disabled person and the judge understand one another. Motion for Clarity Hearing ¶ 15 [Doc. No. 17].

[3] The court may consider abstention sua sponte. See Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50, 59 (1st Cir. 2006).

device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court recognized the "fundamental policy against federal interference with state criminal prosecutions." Id. at 46. Thus, under the doctrine of Younger abstention, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall, 604 F.3d at 664 (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)). Younger abstention is even appropriate where litigants "claim violations of important federal rights," In re Justices of Superior Ct. Dept. of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

      Here, the court would "needlessly inject" itself in a pending state criminal proceeding if were to provide the relief Plaintiff seeks. Plaintiff states that this court can order Judge Mulqueen to "give him a clarity hearing without the order directly changing the ruling in the criminal case." Compl. at 10. But requiring Judge Mulqueen to hold a "clarity hearing" would, in and of itself, constitute interference in the state proceeding. Nothing before the court suggests that Plaintiff cannot raise all pertinent issues within the state court system, whether in front of the Superior Court, Appeals Court, or Supreme Judicial Court.

### III. Conclusion

In accordance with the foregoing, the court hereby orders that the pending Motion for Clarity Hearing [Doc. No. 17] is DENIED and this action is DISMISSED without prejudice based on Younger abstention.

IT IS SO ORDERED.

                                          /s/ Indira Talwani
                                        United States District Judge

December 22, 2022